

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-3-2006

# In Re: Razzoli

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3797

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Razzoli " (2006). *2006 Decisions*. Paper 1798.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1798

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3797
_____

IN RE:  KEVIN RAZZOLI,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 04-cv-02495)

_____

Submitted Under Rule 21, Fed. R. App. P.
September 23, 2005

Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed: January 3, 2006)

_____

OPINION

_____

PER CURIAM.

Pro se petitioner Kevin Razzoli seeks a writ of mandamus directing the

United States District Court for the Middle District of Pennsylvania to release him from

prison immediately.[1]  Razzoli was sentenced to 25 years imprisonment on December 1,

_____

[1]     In his petition, Razzoli levels several accusations against United States
District Judge Kosik, who is presiding over two of his currently pending cases.  Primary

1

1987.  During the past five years, Razzoli has been paroled, re-incarcerated and re-paroled several times.

Razzoli filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania on November 8, 2004, requesting that the District Court order his immediate release from prison, based in part on his claims that he was being held in violation of his constitutional rights, and that the respondents, the Federal Correctional Institution in Allenwood, Pennsylvania, the United States Parole Commission, the United States Navy, and the Bronx County District Attorneys' Office, had fabricated records which were being used against him.  Respondents, represented by the United States Attorneys Office, filed a response to the habeas petition on February 28, 2005.  Between that time and July 21, 2005, when Razzoli filed this mandamus petition, both Judge Kosik and a representative of the United States Probation Office for the Middle District of Pennsylvania conducted independent research into Razzoli's situation and engaged in regular correspondence with Razzoli regarding his circumstances.

among them is that Judge Kosik has not been impartial because he has granted respondents' requests for extensions of time to respond to Razzoli's habeas corpus petition and various motions and because he refused to recuse himself from this case. Razzoli also places much emphasis on a letter Judge Kosik wrote to him (which letter was dated February 8, 2005, albeit mailed in May) in which Judge Kosik explained that it was his understanding that if Razzoli paid a fine outstanding in Bronx County, New York he would be eligible to be released on parole to a halfway house in the Southern District of New York. Razzoli seems to base most of the argument in his mandamus petition on the fact that he paid the fine as Judge Kosik suggested and yet he still has not been released from prison. While much of his petition is occupied by these arguments, it does appear that the primary relief he seeks from this Court is an order that he be released from prison immediately.

The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35, 101 S. Ct. 188, 190, 66 L. Ed. 2d 193 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384, 74 S. Ct. 142, 148, 98 L. Ed. 106 (1953) (quoting United States v. Duell, 172 U.S. 576, 582, 19 S. Ct. 286, 287, 43 L. Ed. 559 (1899)). Razzoli asks this Court to issue a writ of mandamus ordering his immediate release from prison. Although such relief is not available to him through his petition for a writ of mandamus, Razzoli clearly can, and in fact, has sought such relief by filing a petition for a writ of habeas corpus in the District Court.

To the extent Razzoli's petition can be construed as requesting us to order the District Court to rule on his habeas corpus petition immediately, his request would still be unavailing. Razzoli's habeas petition has been ripe for review since mid-March, when Razzoli filed his reply to respondents' opposition. While we have previously held that a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction over a habeas petition, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), the District Court here has not engaged in undue delay. In fact, as the District Court docket reflects, the Court has made numerous efforts to facilitate Razzoli's release by informally advising him on what he needs to do and maintaining contact with his

3

prison case manager.

Indeed, the District Court has recently issued a Rule to Show Cause and responses are being filed. We are confident that the Court will promptly resolve the matter.

We will therefore deny Razzoli's petition for a writ of mandamus.